OPINION
Plaintiffs-appellants Mary Ann Janes and James G. Janes appeal the April 3, 2000 Judgment Entry of the Morgan County Court of Common Pleas, Probate Division, which denied their motion to compel production of decedent's medical records. Defendants-appellees are Claude A. Janes, Executor of the Estate of Ruth E. Janes, Claude A. Janes, as an individual, Claudia A. Staley, Claude Alan Janes, II, Claudia A. Staley, Trustee of the Ruth E. Janes Revocable Trust, and Claude Alan Janes, II, Trustee of the Ruth E. Janes Revocable Trust.
 STATEMENT OF THE CASE AND FACTS
This is a will contest action in which appellants allege their mother, decedent Ruth E. Janes, was suffering from severe dementia at the time of the execution of her will. The will leaves decedent's entire estate to her second husband, their two children, appellees, and completely excludes appellants. Appellants are the decedent's children from a first marriage.
On August 13, 1999, appellants filed a Will Contest objecting to the bequests received by appellees. On October 8, 1999, appellants requested appellee Claude A. Janes, the executor of the estate, to produce the decedent's medical records. The executor refused to produce the medical records pursuant to the physician-patient privilege contained in R.C.2317.02(B).
On January 21, 2000, appellants filed their Motion to Compel the production of the decedent's medical records. This motion was based upon two grounds. First, appellants maintained the filing of the application to probate the will waived the physician-patient privilege. Second, appellants argued the need for medical records of a decedent in a will contest constitutes a public policy exception to the physician-patient privilege.
In a March 10, 2000 Judgment Entry, the trial court took the matter under advisement and ordered appellees to mail copies of decedent's medical records relating to any hospitalization to the court for anin-camera inspection.
In an April 3, 2000 Judgment Entry, the trial court found the requested medical records contained privileged physician-patient communications pursuant to R.C. 2317.02(B)(1). Further, the trial court found the executor did not waive the statutory privilege by filing the decedent's will for probate. Accordingly, the trial court denied appellants' motion to compel production of the decedent's medical records. It is from this judgment entry appellants prosecute this appeal, assigning the following errors:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO COMPEL PRODUCTION OF THE DECEDENT'S MEDICAL RECORDS GIVEN THAT APPELLEES WAIVED THE PHYSICIAN-PATIENT PRIVILEGE BY FILING THE APPLICATION TO PROBATE WILL AND OTHER RELATED DOCUMENTS.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION TO COMPEL PRODUCTION OF THE DECEDENT'S MEDICAL RECORDS BECAUSE THE DECEDENT'S PHYSICIAN-PATIENT PRIVILEGE DOES NOT BELONG TO THE EXECUTOR WHEN, AS HERE, THE EXECUTOR REFUSES TO PRODUCE THE MEDICAL RECORDS WHILE IN A POSITION OF CONFLICT OF INTEREST.
 I
In appellants' first assignment of error, they maintain the trial court erred in denying their motion to compel production of the decedent's medical records because appellees waived the physician-patient privilege by filing the application to probate the will. We agree.
R.C. 2317.02 governs privileged communications. The statute provides, in relevant part:
 The following persons shall not testify in certain respects:
 (B)(1) A physician or a dentist concerning a communication made to the physician or dentist by a patient in that relation or the physician's or dentist's advice to a patient, except as otherwise provided in this division, division (B)(2), and division (B)(3) of this section, and except that, if the patient is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the physician may be compelled to testify on the same subject.
 The testimonial privilege established under this division does not apply, and a physician or dentist may testify or may be compelled to testify, in any of the following circumstances:
 (a) In any civil action, in accordance with the discovery provisions of the Rules of Civil Procedure in connection with a civil action, or in connection with a claim under Chapter 4123. of the Revised Code, under any of the following circumstances:
 (I) If the patient or the guardian or other legal representative of the patient gives express consent;
 (ii) If the patient is deceased, the spouse of the patient or the executor or administrator of the patient's estate gives express consent;
 (iii) If a medical claim, dental claim, chiropractic claim, or optometric claim, as defined in section 2305.11 of the Revised Code, an action for wrongful death, any other type of civil action, or a claim under Chapter 4123. of the Revised Code is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative.
* * *
 (3)(a) If the testimonial privilege described in division (B)(1) of this section does not apply as provided in division (B)(1)(a)(iii) of this section, a physician or dentist may be compelled to testify or to submit to discovery under the Rules of Civil Procedure only as to a communication made to the physician or dentist by the patient in question in that relation, or the physician's or dentist's advice to the patient in question, that related causally or historically to physical or mental injuries that are relevant to issues in the * * * other civil action, or claim under Chapter 4123. of the Revised Code.
* * *
(Emphasis added).
Appellants maintain the application to probate the will was a civil action and therefore constitutes a waiver of the privilege. In support of this proposition, appellant cites Verba v. Orum (Mar. 30, 1995), Belmont App. No. 94-B-29, unreported.
In Verba, a decedent's will was admitted to probate. Thereafter, decedent's relatives filed a will contest action, alleging decedent was incompetent to execute the will. The trial court granted the executor's protective order denying decedent's relatives attempts to obtain the decedent's medical records.
However, the appellate court found the filing of the will for probate waived the executor's privilege to assert the physician-patient privilege for the decedent. The Court based its decision on Civ. R. 2, and Civ. R. 73. Civ. Rule 2 states only one form of action exists and it shall be known as a civil action. Further, because Civ. R. 73 makes the rules of civil procedure applicable to probate division of the common pleas court, actions within the probate court are governed by the rules of civil procedures.
We agree with the Verba court. Accordingly, we find when the executor filed the application to probate decedent's will in the matter subjudice, the executor waived the client privilege for decedent.
Appellants' first assignment of error is sustained.
 II
In light of our resolution of appellants' first assignment of error, we find it unnecessary to address the issues advanced in appellants' second assignment of error. Accordingly, we overrule this assignment of error as being moot.
The April 3, 2000 Judgment Entry of the Morgan County Court of Common Pleas, Probate Division is reversed. This matter is remanded to the trial court for further proceedings consistent with our opinion and law.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the April 3, 2000 Judgment Entry of the Morgan County Court of Common Pleas, Probate Division is reversed. This matter is remanded to the trial court for further proceedings consistent with our opinion and law. Costs assessed to appellees.
 __________________________ By: Hoffman, P.J.
Wise, J. and Boggins, J. concur